No. 2--95--1108

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE OF           )  Appeal from the Circuit Court

ILLINOIS,                            )  of Kane County.

                                )

     Plaintiff-Appellee,             )

                                     )  No. 93--CF--819

v.                                   )

                                     )

CHRISTOPHER JOHNSON,                 )  Honorable

                                     )  Barry E. Puklin,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE BOWMAN delivered the opinion of the court:

     Defendant, Christopher Johnson, appeals the trial court's

order denying his motion to reconsider sentence.  The court

conducted a new hearing on the motion after this court reversed the

trial court's previous order because defense counsel failed to

comply with Supreme Court Rule 604(d).  Defendant contends that (1)

the court erred in refusing to consider evidence of his good

behavior in prison while the prior appeal was pending and (2) he is

entitled to 421 days' credit against each of his four consecutive

sentences.

     Defendant was charged by indictment with 10 counts of armed

robbery (720 ILCS 5/18--2 (West 1994)), 14 counts of robbery (720

ILCS 5/18--1 (West 1994)), and one count of attempted robbery. 

However, one count of armed robbery and one count or robbery were

deleted from the indictment.

     On May 2, 1994, defendant pleaded guilty to one count of armed

robbery in exchange for the State striking the words "with a gun"

from the indictment.  Two additional counts were dismissed as

lesser included offenses.

     On July 13, 1994, the State agreed to dismiss 13 charges which

were subject to a pending appeal in exchange for defendant's

agreement to plead guilty to 5 counts of armed robbery, 1 count of

robbery and 1 count of attempted robbery.  There was no agreement

concerning the sentence.

     The court sentenced defendant to four consecutive six-year

terms of imprisonment for four robberies in which a gun was used. 

The court ordered these sentences to be served concurrently with

two concurrent six-year terms for armed robbery, one three-year

term for robbery, and one two-year term for attempted robbery.

     Defendant filed a motion to reconsider the sentences.  The

court denied the motion and defendant appealed.

     This court reversed, finding that defense counsel had failed

to file the certificate required by Supreme Court Rule 604(d) (145

Ill. 2d R. 604(d)).  People v. Johnson, No. 2--94--1079 (June 13,

1995) (unpublished order under Supreme Court Rule 23).  This court

remanded the cause to the trial court to conduct a new hearing on

the motion to reconsider sentence.

     Following remand, defense counsel filed the required

certificate and the court conducted a new hearing.  Defense counsel

asked the court to consider evidence of defendant's "positive

accomplishments" in prison while the first appeal was pending.  The

court refused to allow such evidence.  The court denied the motion

to reconsider and defendant filed this appeal.

     Defendant contends that the trial court erred in refusing to

consider evidence of his accomplishments in prison during the

pendency of the first appeal.  The State initially responds that we

lack jurisdiction to hear this appeal because a defendant may not

move to reconsider a sentence imposed pursuant to a partially

negotiated guilty plea.  Alternatively, the State contends that, at

a hearing on a motion to reconsider sentence, the court should

consider only evidence which was available at the time of the

original sentencing hearing.  Because defendant's proffered

evidence related to events occurring after his sentencing hearing,

the court properly refused it.

     Noting that it agreed to dismiss several charges in exchange

for defendant's guilty plea to the remaining counts, the State

argues that defendant was thereby precluded from filing a motion to

reconsider his sentence.  The State relies on People v. Evans, 174

Ill. 2d 320 (1996), in which the supreme court held that "following

the entry of judgment on a negotiated guilty plea, even if a

defendant wants to challenge only his sentence, he must move to

withdraw the guilty plea and vacate the judgment."  Evans, 174 Ill.

2d at 332.

     The State reads Evans too broadly.  The quoted statement must

be read in the context of the holding of that case.  In both

consolidated cases comprising the Evans decision, defendants agreed

to specific sentences in exchange for their guilty pleas.  The

supreme court held that under the circumstances "the guilty plea

and the sentence 'go hand in hand' as material elements of the plea

bargain."  Evans, 174 Ill. 2d at 332.  It would be unfair, the

court said, to allow defendants to challenge only their sentences

because doing so would deprive the State of the benefit of its

bargain.  Evans, 174 Ill. 2d at 332.

     The court noted that a different rule applies to "open" guilty

pleas, those in which defendants plead guilty without receiving any

promises from the State.  In those cases:

     "[T]he trial court exercises its discretion and determines the

     sentence to be imposed.  Both good public policy and common

     sense dictate that defendants who enter open guilty pleas be

     allowed to challenge only their sentences without being

     required to withdraw their guilty pleas."  Evans, 174 Ill. 2d

     at 332, citing People v. Wilk, 124 Ill. 2d 93, 110 (1988);

     People v. Wallace, 143 Ill. 2d 59, 60 (1991).

     The plea in this case was partially negotiated.  The State

agreed to drop certain charges in exchange for defendant's plea,

but the parties reached no agreement on sentencing.  The sentence

to be imposed was left to the court's discretion.  Thus, the same

policy reasons applicable to "open" pleas also apply here.  There

is no logical basis to allow a defendant who has no agreement with

the State to challenge the court's discretion in imposing sentence,

while denying such a right to a defendant who agrees with the State

on issues not related to the sentence, leaving the sentence to the

court's discretion.

     In People v. Wendt, 283 Ill. App. 3d 947 (1996), an opinion

issued six days after Evans, this court reached a similar result

and held that a defendant is precluded from challenging his

sentence only if the trial court effectively exercised no

discretion in imposing it.  Wendt, 283 Ill. App. 3d at 952.  This

holding is consistent with the policy expressed in Evans that a

defendant may move to reconsider his sentence where the court

exercised discretion in sentencing rather than imposing an agreed-

upon sentence.  Thus, defendant's motion to reconsider his sentence

was proper and we have jurisdiction to review the court's order

denying it.

     We agree with the State, however, that the trial court

properly refused to consider evidence of defendant's

"accomplishments" in prison during the prior appeal.  We recently

rejected the same argument.  In People v. Vernon, No. 2--95--0166

(2d Dist. December 12, 1996), we held that the purpose of a motion

to reconsider a sentence is not to obtain a new sentencing hearing. 

Rather, such a motion allows the trial court to review the

appropriateness of the sentence already imposed.  Vernon, slip op.

at 4.  Accordingly, evidence of events occurring after the original

sentence was imposed is improper.  We stated:

       "When ruling on a motion to reconsider a sentence, the trial

       court should limit itself to determining whether the initial

       sentence was correct; it should not be placed in the

       position of essentially conducting a completely new

       sentencing hearing based on evidence that did not exist when

       defendant was originally sentenced."  Vernon, slip op. at 5.

       For the same reasons, the trial court here properly refused to

consider evidence of defendant's conduct after the original

sentencing hearing.

     Defendant next contends that he is entitled to credit for 421

days spent in custody before trial and that the credit should apply

to each of his consecutive sentences.  The trial court granted him

the credit only against the first sentence.  The State responds

that the four consecutive sentences are more properly considered as

a single aggregate sentence to which only one credit should apply.

     Section 5--8--7(b) of the Unified Code of Corrections states:

          "The offender shall be given credit on the determinate

       sentence *** for time spent in custody as a result of the

       offense for which the sentence was imposed ***."  730 ILCS

       5/5--8--7(b) (West 1994).

          In People v. Robinson, 172 Ill. 2d 452 (1996), the supreme

court held that the plain language of section 5--8--7(b) requires

that a defendant receive credit against each sentence imposed for

an offense for which he was in custody where he was simultaneously

in custody on more than one offense.  Robinson, 172 Ill. 2d at 462-

63.  Here, there is no indication in the record that defendant was

not simultaneously in custody for each of the four offenses for

which he received consecutive sentences.  Therefore, under

Robinson, he is entitled to a separate credit against each of those

four sentences.

     We reject the State's contention that Robinson is

distinguishable because it was based on an "aberrant situation." 

Robinson's holding clearly applies to this situation.  Therefore,

we modify defendant's sentence to provide for 421 days' credit

against each of the four consecutive sentences.

     The judgment of the circuit court of Kane County is affirmed

as modified.

     Affirmed as modified.

     INGLIS and RATHJE, JJ., concur.