No. 3--95--0294

    _________________________________________________________________

                                    

                                 IN THE

                                    

                       APPELLATE COURT OF ILLINOIS

                                    

                             THIRD DISTRICT

                                    

                               A.D., 1997

                                    

THE PEOPLE OF THE STATE OF      )  Appeal from the Circuit Court

ILLINOIS,                       )  for the 10th Judicial Circuit

                                )  Peoria County, Illinois

     Plaintiff-Appellee,        )

                                )

     v.                         )  No. 94--CF--493

                                )

EMMITT SANDERS,                 )  Honorable

                                )  Robert E. Manning

     Defendant-Appellant.       )  Judge, Presiding

_________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

     The defendant, Emmitt Sanders, pled guilty to a charge of

first degree murder (720 ILCS 5/9--1(a)(1) (West 1994)) in

exchange for a sentencing cap of 45 years.  Following a sentenc-

ing hearing, the trial court imposed the maximum term of 45

years' imprisonment.  The defendant's motion to withdraw his

guilty plea was denied.  On appeal, the defendant contends that: 

(1) he was entitled to a fitness hearing because he was taking

medication for asthma at the time of his guilty plea; and (2) his

sentence was excessive.  We affirm.

     At the guilty plea hearing, the trial judge questioned the

defendant about his understanding of the plea bargain agreement. 

The defendant indicated that he understood that pursuant to the

agreement he could be sentenced to 45 years in prison.  The judge

also asked the defendant if he was taking any medication.  The

defendant answered that he had been prescribed an inhaler to use

for his asthma.  According to the defendant, the inhaler allowed

him to breathe more easily but otherwise it did not "affect [him]

really."

     The defendant argues first on appeal that because he was

taking medication for asthma, he was entitled to a hearing to

determine whether he was fit to enter a plea of guilty.

     The Illinois Supreme Court recently determined that the Code

of Criminal Procedure of 1963 requires a fitness hearing only for

those defendants who are taking psychotropic medication or other

medication which would interfere with their ability to understand

the nature and purpose of the criminal proceedings or to assist

in their defense.  People v. Britz, 174 Ill. 2d 163, 673 N.E.2d

300 (1996).

     The defendant does not contend that the medication contained

in his asthma inhaler interfered with his ability to understand

the nature and purpose of the proceedings against him or to

assist in his defense.  Moreover, it is clear from the record on

appeal that it did not.  Therefore, we hold that the defendant

was not entitled to a fitness hearing prior to the acceptance of

his guilty plea and his sentencing.

     Next, the defendant claims that his sentence was excessive. 

Initially, we note that this argument, standing alone, cannot

withstand review.  The Illinois Supreme Court recently ruled that

a defendant who pleads guilty in exchange for a specific sentence

must move to withdraw his guilty plea before challenging his

sentence as excessive.  People v. Evans, 174 Ill. 2d 320, 673

N.E.2d 244 (1996).  The same rule applies when the defendant

agrees to a sentencing cap.  People v. Catron, No. 4--95--0753

(December 6, 1996).  Thus, the defendant's argument that his

sentence is excessive, as it is framed in his brief on appeal, is

without merit.

     However, after carefully reviewing the record, we find that

the defendant did file in the trial court a motion to withdraw

his guilty plea in which he claims that his sentence is exces-

sive.  Therefore, we will address the merits of this issue.

     A defendant has no absolute right to withdraw a plea of

guilty and bears the burden of proving that such a withdrawal is

necessary to correct a manifest injustice.  Evans, 174 Ill. 2d

320, 673 N.E.2d 244.  The trial court's denial of a motion to

withdraw guilty plea will not be disturbed absent an abuse of

discretion.  People v. Davis, 145 Ill. 2d 240, 582 N.E.2d 714

(1991).

     It is clear from the record that the defendant knew when he

entered his guilty plea that he could be sentenced to 45 years in

prison.  By agreeing to plead guilty in exchange for that sen-

tencing cap, the defendant was in effect agreeing that a 45-year

sentence was not manifestly unjust.  See People v. Catron, No. 4-

-95--0753, slip op. at 2 (December 6, 1996).  Thus, the

defendant's motion to withdraw his guilty plea based on the

imposition of an excessive sentence was not well-taken.  The

trial court did not abuse its discretion in denying it.

     For the foregoing reasons, the judgment of the circuit court

of Peoria County is affirmed.

     Affirmed.

     HOMER, J., concurs.

     HOLDRIDGE, J., specially concurring