No. 3--99--0284

_________________________________________________________________

16 November 2000

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2000

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 10th Judicial Circuit,

       )  Peoria County, Illinois,

Plaintiff-Appellee,       )

                                )

v.                         )  No. 98--CF--509

  )

DANIEL B. WALLER,               )  Honorable

  )  Robert A. Barnes,

Defendant-Appellant.       )  Judge Presiding.

________________________________________________________________

PRESIDING JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

Defendant Daniel B. Waller appeals from his eight-year, extended-term sentence imposed for aggravated criminal sexual abuse (720 ILCS 5/12--16(d) (West 1998)).  We remand with directions.

The record shows that defendant committed the instant offense while on probation for a prior conviction of criminal sexual assault (720 ILCS 5/12--13 (West 1998)).  Pursuant to pre-

trial negotiations, defendant pleaded guilty in exchange for the State's promise to forego filing a petition to revoke probation, and to recommend an 11-year sentencing cap.  At the guilty plea 
proceedings, defendant was admonished that he was eligible for extended-term sentencing of up to 14 years because of his prior conviction.  The State presented a factual basis, and the court determined that his plea was voluntary.

Following a sentencing hearing, the court imposed an eight-

year, extended-term sentence of imprisonment.  The court then admonished defendant that if he wished to appeal, he would first have to file a written motion to reconsider sentence or to withdraw his guilty plea.  On February 8, 1998, defendant moved for reconsideration of his sentence.  He also filed an affidavit of defense counsel stating that counsel had consulted with defendant, examined the court file and report of proceedings and made necessary amendments to defendant's post-plea motion.  The trial court heard and denied defendant's motion, and he appeals.

Defendant argues that:  (1) he was not required to withdraw his guilty plea in order to appeal from the court's order denying his motion to reconsider sentence; (2) the court abused its sentencing discretion; and (3) in the alternative, the cause should be remanded to allow defendant to withdraw his guilty plea.

The issues before us have been resolved by several recent decisions of the Illinois Supreme Court.  In 
People v. Evans
, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), the court ruled that a defendant pleading guilty pursuant to a negotiated guilty plea agreement must file a motion to withdraw his plea and vacate his conviction pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) before he may appeal from his sentence.  A motion to reconsider sentence alone is insufficient.  
Evans
, 174 Ill. 2d at 332, 673 N.E.2d at 250.  This rule was extended to partially negotiated guilty pleas involving a sentencing cap agreement in 
People v. Linder
, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999).

Although the defendants in 
Evans
 and 
Linder
 were not allowed an opportunity to return to the circuit court to file the required motion (see 
Evans
, 174 Ill. 2d at 334, 673 N.E.2d at 251; 
Linder
, 186 Ill. 2d at 74, 708 N.E.2d at 1173), the court subsequently granted such relief in 
People v. Diaz
, 192 Ill. 2d 211, 735 N.E.2d 605 (2000).

In 
Diaz
, the defendant entered into a partially negotiated guilty plea and moved to reconsider his sentence in 1996, before 
Evans
 was decided.  The court there noted that the trial court had admonished defendant pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) that he had to file a motion to withdraw his guilty plea 
or
 reconsider sentence before he could appeal from his sentence.  The admonishment was misleading since a motion to reconsider sentence was insufficient to perfect an appeal from a negotiated guilty plea after 
Evans
.  Therefore, fundamental fairness dictated that the court remand the cause to the circuit court with instructions to (1) vacate the order denying the defendant's motion, (2) properly admonish the defendant, and (3) allow him to file a motion to withdraw and vacate judgment, if he so chose.  
Diaz
, 192 Ill. 2d at 227-28, 735 N.E.2d at 613.

Clearly, defendant's partially negotiated plea in this case falls within the rule of 
Linder
.  Pursuant to 
Linder
, this appeal may not proceed because defendant has not moved to withdraw his guilty plea and vacate judgment.  However, as in 
Diaz
, defendant received Rule 605(b) admonishments concerning his right to appeal which were rendered legally inaccurate by 
Evans
 and 
Linder
.

On analogous facts, this court has remanded to allow the defendant an opportunity to file the required Rule 604(d) motion.  
People v. Didier
, 306 Ill. App. 3d 803, 715 N.E.2d 321 (1999); accord 
People v. Foster
, 308 Ill. App. 3d 286, 719 N.E.2d 1163 (1999).  Pursuant to 
Diaz
, a defendant under these circumstances is entitled to proper admonishments of his appeal rights and an opportunity to withdraw his guilty plea and vacate judgment if he chooses to do so.  Supreme Court Rule 605 has been amended and currently provides accurate admonishments of a defendant's appeal rights following a negotiated plea of guilty.  R. 605(c), M.R. 3140 (Nov. 1, 2000).

Therefore, we remand the cause to the circuit court with directions to vacate judgment denying defendant's motion to reconsider sentence, to properly admonish defendant pursuant to Supreme Court Rule 605(c) and to allow him to file a new post-

plea motion if he so chooses
.

Cause remanded with directions.

HOMER and KOEHLER, J.J., concur.