NOTICE

Decision filed 05/15/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220324-U

NO. 5-22-0324

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 21-CF-124 |
| | ) | |
| JARED L. VARNUM, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court properly admonished defendant prior to accepting his admission to the allegations of a petition to revoke his probation, and he did not file a motion to withdraw the admission or reconsider the sentence, the court did not err in revoking his probation and sentencing him pursuant to the agreement. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Jared L. Varnum, appeals the circuit court's orders revoking his probation and sentencing him to three years in prison. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in dismissing defendant's petition. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided him with

1

ample opportunity to respond. However, he has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                     BACKGROUND

¶ 4     In May 2021, defendant pleaded guilty to aggravated battery and threatening a public official. The State agreed to recommend a sentence of 18 months' probation and dismiss additional charges. As conditions of probation, defendant would have to report to the probation office, submit proof of a substance abuse evaluation and any recommended treatment, as well as proof of a mental health evaluation and any required treatment.

¶ 5     Before accepting the plea, the circuit court explained to defendant the charges, the possible sentences, and the terms of the agreement. The court explained to defendant the rights he would be giving up by pleading guilty. Defendant assured the court that he understood those rights, that no one had threatened him or promised him anything, and that his plea was voluntary.

¶ 6     In September of that year, the State moved to revoke defendant's probation. It alleged that he had failed to report to probation or provide proof of completing a substance abuse or mental health evaluation.

¶ 7     The parties eventually agreed that defendant would admit to the allegations of the petition to revoke in exchange for concurrent three-year prison sentences. In response to questioning, defendant told the court he understood the original charges to which he pleaded guilty, the range of sentences, and the allegations of the petition to revoke. Defendant assured the court that no one had forced or threatened him to admit to the allegations. The court admonished defendant that the State had to prove only one allegation by a preponderance of the evidence, a lesser standard than

2

beyond a reasonable doubt. The court further explained that defendant had the right to present a defense, to call witnesses, or to remain silent. Defendant stated that he understood. As a factual basis, probation officer Suzanne Ellison would testify that defendant missed multiple probation appointments, failed to provide proof of completion of any substance abuse evaluation, and failed to provide documentation that he received a mental health evaluation and treatment.

¶ 8     The court found the admission voluntary and imposed the agreed-upon sentence. It explained to defendant that if he wished to withdraw his admission, he would have to file a written motion within 30 days explaining the grounds for doing so. Any other grounds would be waived. Defendant did not move to withdraw his admission but filed a notice of appeal.

¶ 9                                    ANALYSIS

¶ 10    OSAD concludes that there is no reasonably meritorious contention of error in the proceedings below. We agree, as the circuit court properly admonished defendant pursuant to Illinois Supreme Court Rules and imposed the agreed-upon sentence.

¶ 11    OSAD preliminarily notes that defendant is precluded from challenging the underlying guilty plea. When no direct appeal is taken from a conviction and sentence of probation, and the time for appeal has expired, we may not review the underlying judgment in an appeal from a subsequent probation revocation unless the underlying judgment is void. *People v. Gregory*, 379 Ill. App. 3d 414, 418 (2008). A judgment is void only "where the judgment was entered by a court that lacked personal or subject-matter jurisdiction," or "where the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Price*, 2016 IL 118613, ¶ 31. There is no viable contention that either circumstance applies here. Thus, defendant is limited to challenging the revocation proceedings.

3

¶ 12    OSAD concludes, however, that no reasonably meritorious challenge to those proceedings exists. Prior to accepting his admission, the court informed defendant of the petition's allegations. It admonished him of the minimum and maximum penalties available on resentencing for the underlying offenses, the right to a hearing where he could confront and cross-examine witnesses and present a defense, the right to have the State prove the allegations by a preponderance of the evidence, and that by admitting to the allegations, there would not be a hearing, and that he would be waiving those rights. See Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003). Based on defendant's answers to its questions, the court reasonably concluded that his admission was voluntary. Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003). The court also elicited a factual basis for the admission. Ill. S. Ct. R. 402A(c) (eff. Nov. 1, 2003). As the factual basis, the parties stipulated that Ellison, defendant's probation officer, would testify that he missed multiple appointments and had failed to submit proof of substance abuse or mental health evaluations. The court also admonished defendant about his appeal rights. See Ill. S. Ct. R. 605(a) (eff. Oct. 1, 2001).

¶ 13    Moreover, defendant never filed a motion to withdraw the admission suggesting that he did not understand the admonishments, that defense counsel was ineffective, or that any promises or threats were made to secure his admission. Thus, there is simply no basis to contend on appeal that the court erred in revoking defendant's probation.

¶ 14    Defendant also cannot challenge his sentence. The court did not order a presentence investigation or hold a sentencing hearing; it imposed the sentence to which the parties had agreed. Where an agreed sentence is imposed following a guilty plea, a defendant may not challenge that sentence without first moving to withdraw the plea. *People v. Evans*, 174 Ill. 2d 320, 332 (1996). This is because plea bargains are rooted in contract principles; each party is entitled to the benefit of his or her bargain. *Id.* at 326. To allow a defendant to accept the benefits of a plea bargain,

4

then challenge the sentence which formed at least part of the consideration for the agreement, would violate those principles, holding the State to its bargain while releasing the defendant from his. *Id.* at 327-28.

¶ 15 Although we have found no case expressly applying *Evans* to an admission to a petition to revoke probation, the contract principles underlying *Evans* appear to apply with equal force to a probation-revocation proceeding. Moreover, Illinois Supreme Court Rule 605(a), which governs probation revocation proceedings as well as convictions entered after a trial, requires a defendant to file a motion to reconsider the sentence in order to challenge that sentence; any issues not raised in such a motion are forfeited on appeal. Ill. S. Ct. R. 605(a) (eff. Oct. 1, 2001). Thus, on either basis, defendant has forfeited the right to appeal the sentence to which he agreed.

¶ 16                                  CONCLUSION

¶ 17 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 18 Motion granted; judgment affirmed.