NOTICE

Decision filed 11/28/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230268-U

NO. 5-23-0268

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 02-CF-105 |
| | ) | |
| GEORGE C. ATCHISON, | ) | Honorable |
| | ) | Douglas C. Gruenke, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court properly dismissed defendant's successive postconviction petition where he alleged neither cause nor prejudice and, in any event, his fully negotiated guilty plea waived any issue that a subsequently enacted sentencing credit program should be applied to him. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2 Defendant, George C. Atchison, appeals the circuit court's order dismissing his postconviction petition. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion and this court has provided him ample opportunity to file a response. However, he

1

has not done so. After considering the record on appeal, OSAD's memorandum, and its supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                      BACKGROUND

¶ 4       In 2002, defendant pleaded guilty to first degree murder in exchange for a 40-year prison sentence. The State had previously sought the death penalty. The State also agreed to dismiss six other counts of the indictment. Defendant confirmed his understanding that he was "not eligible for any type of good-time credit." The court found the plea voluntary and imposed the agreed sentence.

¶ 5       Defendant did not pursue a direct appeal. However, in 2013, he filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)), which challenged the validity of his indictment, the 3-year term of mandatory supervised release, and the 40-year sentence. He contended, *inter alia*, that the truth-in-sentencing provision requiring him to serve 100% of the sentence had never been validly reenacted after being held unconstitutional. See *People v. Reedy*, 186 Ill. 2d 1 (1999). The circuit court dismissed the petition and denied defendant's motion to reconsider. Defendant filed a notice of appeal, but we dismissed the appeal for want of prosecution.

¶ 6       In 2014, defendant filed a postconviction petition renewing his claim that the truth-in-sentencing statute had never been reenacted in the wake of *Reedy*. The circuit court summarily dismissed the petition. This court affirmed. *People v. Atchison*, 2017 IL App (5th) 140435-U.

¶ 7       On January 25, 2023, defendant filed a second postconviction petition. He argued that the earned program sentence credit statute, which became effective July 1, 2021, allowed some inmates to earn credit against their sentences but that the provision did not apply to inmates who,

2

like him, had to serve 100% of their sentences. He argued that this deprived him of equal protection. On January 27, 2023, the circuit court denied leave to file, noting that defendant raised issues related to the sentencing credit in the earlier petition. After the court denied defendant's motion to reconsider, he timely appealed.

¶ 8                                                    ANALYSIS

¶ 9      OSAD concludes that it can advance no good-faith argument that the circuit court erred in dismissing the petition. We agree.

¶ 10      The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2022); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Proceedings under the Act are collateral. *People v. Edwards*, 2012 IL 111711, ¶ 21. As a result, issues that were decided on direct appeal or in previous collateral proceedings are barred by *res judicata. People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). Issues that could have been raised earlier, but were not, are forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

¶ 11      The Act contemplates the filing of only one petition. 725 ILCS 5/122-1(f) (West 2022). A defendant must obtain leave of court to file a successive petition. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). Leave to file a successive petition will be granted only if the petitioner demonstrates cause for failing to bring the claim in the initial postconviction proceedings and resulting prejudice. 725 ILCS 5/122-1(f) (West 2022); *Pitsonbarger*, 205 Ill. 2d at 458-63. Cause is an objective factor that impeded the ability to raise the claim in prior proceedings; prejudice is occasioned by an error which so infected the trial that the resulting conviction or sentence violated due process. 725 ILCS 5/122-1(f) (West 2022).

3

¶ 12    Here, defendant's most recent filing did not acknowledge that it was his second postconviction petition and, accordingly, did not allege cause or prejudice.  OSAD posits that defendant could arguably establish prejudice given that he relied on a statute that did not become effective until 2021, but concludes that he cannot establish prejudice.

¶ 13    At all relevant times, the truth-in-sentencing provisions required that "a prisoner who is serving a term of imprisonment for first degree murder *** shall receive no sentence credit and shall serve the entire sentence imposed by the court."  730 ILCS 5/3-6-3(a)(2)(i) (West 2020).  These provisions became effective June 19, 1998.  When he pleaded guilty, defendant was correctly informed, and stated that he understood, that he would have to serve the entire sentence.

¶ 14    Effective July 1, 2021, the legislature established a system that allows a defendant to earn up to 365 days of sentence credit for completing various programs while in prison.  See Pub. Act 101-652 (eff. July 1, 2021) (amending, *inter alia*, 730 ILCS 5/3-6-3(a)(3), (4.1), (4.7)).  However, a prisoner required to serve 100% of his or her sentence is ineligible.  730 ILCS 5/3-6-3(a)(4.7)(iii) (West 2022).

¶ 15    Defendant argued that making him ineligible for the new credit provisions while implicitly applying them to others, such as those who committed murders prior to June 19, 1998, violated his right to equal protection.  U.S. Const., amend. XIV.  However, the supreme court has consistently held that a knowing and voluntary guilty plea waives any constitutional challenge based on subsequent changes in the applicable law.  *People v. Jones*, 2021 IL 126432, ¶ 26.  This is because a negotiated guilty plea is essentially a contract with the State by which a defendant agrees to accept a particular sentence in exchange for concessions from the State.  Accordingly, to allow a defendant to unilaterally modify a fully negotiated plea agreement while holding the State to its part of the bargain " 'flies in the face of contract law principles' " because " 'the guilty plea and

4

the sentence "go hand in hand" as material elements of the plea bargain.' " *People v. Absher*, 242 Ill. 2d 77, 87 (2011) (quoting *People v. Evans*, 174 Ill. 2d 320, 327, 332 (1996)).

¶ 16　　Here, defendant agreed to a 40-year sentence with the express understanding that he would serve 100% of it. By agreeing to that sentence, the State effectively took the death penalty off the table. It also agreed to dismiss additional charges in the indictment. Thus, even if he could otherwise establish an equal protection violation, a dubious proposition at best, defendant waived the right to do so by his guilty plea.

¶ 17　　　　　　　　　　　　CONCLUSION

¶ 18　　As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 19　　Motion granted; judgment affirmed.