NOTICE
Decision filed 04/27/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250318-U

NO. 5-25-0318

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CF-660 |
| | ) | |
| TYDERRIOUS D. HUGHES CLARK, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Justices Hackett and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court lacked jurisdiction over the defendant's "motion for a corrected mittimus," which sought to change the sentencing judgment, where the motion was filed more than 30 days after the defendant was sentenced. Accordingly, this court grants the defendant's appointed appellate counsel leave to withdraw and dismisses the instant appeal.

¶ 2    The defendant, Tyderrious D. Hughes Clark, pleaded guilty to being an armed habitual criminal pursuant to a fully negotiated plea agreement and was sentenced to imprisonment for eight years. More than 16 months later the defendant filed a "motion for a corrected mittimus," which the circuit court denied. The defendant now appeals from that denial. His appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit and, on that basis, has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD served the

1

defendant with notice. This court gave him ample opportunity to file a written response to OSAD's motion, but the defendant has not filed a response. This court has examined OSAD's *Finley* motion and memorandum, as well as the entire record on appeal, and hereby grants OSAD leave to withdraw as counsel. This court dismisses this appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4        On May 26, 2023, the defendant was found in possession of, *inter alia*, two semi-automatic pistols. The State charged him with seven felony counts. These counts included, in counts 6 and 7, being an armed habitual criminal (AHC), in violation of section 24-1.7(a) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.7(a) (West 2020)). (Effective January 1, 2025, the offense of being an AHC has been renamed "unlawful possession of a firearm by a repeat felony offender." See Pub. Act 103-822, § 20 (eff. Jan. 1, 2025).) Being an AHC was a Class X felony. See 720 ILCS 5/24-1.7(b) (West 2020). The circuit court appointed counsel for the defendant.

¶ 5        On October 17, 2023, the defendant, pursuant to a fully negotiated plea agreement, pleaded guilty to being an AHC as charged in count 6. In accordance with the plea agreement, the circuit court sentenced the defendant to imprisonment for eight years, at 85%, with credit for time served, followed by mandatory supervised release (MSR) for three years, and dismissed the other six counts. The defendant did not file a postplea motion or a direct appeal.

¶ 6        On March 7, 2025, the defendant filed a *pro se* motion captioned "motion for a corrected mittimus." He stated that Public Act 103-822 amended section 24-1.7(a) of the Criminal Code, replacing the offense of being an AHC with the offense of unlawful possession of a firearm by a repeat felony offender. The defendant argued that Public Act 103-822 required a defendant to serve only 50%, not 85%, of his prison sentence for unlawful possession of a firearm by a repeat felony offender. The defendant also contended that the legislature intended for Public Act 103-822 "to

2

apply retroactive[ly]." As for relief, the defendant stated that he "do[es] not wish to withdraw his plea." Instead, he wanted the circuit court to "resentence him to a corrected sentence of 8 years to be served at 50% and to correct his mandatory supervised release to 18 month[s] pursuant to pursuant to 730 ILCS 5/5-8-1 and to correct his mittimus to fit the changes in the law."

¶ 7    On March 19, 2025, the circuit court entered a docket-entry order denying the defendant's motion for a corrected mittimus. The court noted that Public Act 103-822 "merely changed the title of the offense" and did not change the statutes that govern sentence credit or the MSR term.

¶ 8    The defendant timely appealed, and OSAD was appointed as appellate counsel.

¶ 9                                  II. ANALYSIS

¶ 10    OSAD's *Finley* motion was accompanied by a memorandum of law. In the memorandum, OSAD raises a single potential issue in this appeal, namely, whether the circuit court erred in denying the defendant's "motion for a corrected mittimus."

¶ 11    The noun "mittimus" has been defined as " '[a] court order or warrant directing a jailer to detain a person until ordered otherwise.' " *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 23 (quoting Black's Law Dictionary (10th ed. 2014)). A court's mittimus to a jailer is entirely different from the court's sentencing judgment. *Scheurich*, 2019 IL App (4th) 160441, ¶ 23. Our supreme court "frequently held that a mittimus is not properly a part of the common-law record." *People v. Anderson*, 407 Ill. 503, 505 (1950). In 1985, the Illinois legislature eliminated any need for a separately issued mittimus. Pub. Act 84-622, § 1 (eff. Sept. 20, 1985) (adding Ill. Rev. Stat. 1985, ch. 110, ¶ 2-1801). Section 2-1801(a) of the Code of Civil Procedure states that "a copy" of a sentencing judgment "shall, in each case, constitute the mittimus, and no separate mittimus need be issued." 735 ILCS 5/2-1801(a) (West 2024). Consequently, a separately-issued mittimus has become "superfluous, and it is now a rarity." *Scheurich*, 2019 IL App (4th) 160441, ¶ 24.

3

¶ 12   It appears that the defendant was actually seeking to "correct" the sentencing judgment in this case. In his motion, the defendant sought (1) to increase the amount of sentence credit he received so as to lower the amount of time he actually spent behind bars from 85% to 50% of his sentence, and (2) to reduce his MSR term from 3 years to 18 months. "[A] motion's content determines its character, not the title or label asserted by the movant." *People v. Smith*, 371 Ill. App. 3d 817, 821 (2007). Therefore, the defendant's motion may be properly characterized as a motion to reconsider or reduce the sentence.

¶ 13   Here, the defendant entered into a fully negotiated plea on October 17, 2023. Accordingly, the defendant was required to file, within 30 days of the imposition of sentence—that is, within 30 days of October 17, 2023—a written motion to withdraw the guilty plea and vacate the judgment. See Ill. S. Ct. R. 604(d) (eff. Sept. 18, 2023) (postjudgment motions in cases where the defendant has pleaded guilty). Where judgment has been entered on a negotiated plea of guilty, "even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment." *People v. Evans*, 174 Ill. 2d 320, 332 (1996). Though the defendant sought to challenge only his sentence, and stated in his motion that he did not want to withdraw his guilty plea, he was still mandated to file a motion to withdraw the guilty plea and vacate the judgment. A motion to reconsider the sentence was not permitted under Rule 604(d), since the sentence was a material part of the agreement between the parties, and "permit[ting] a defendant to challenge his sentence without moving to withdraw the guilty plea *** would vitiate the negotiated plea agreement." *Id.* Where a defendant fails to comply with the motion requirements of Rule 604(d), this court must dismiss the appeal. *People v. Linder*, 186 Ill. 2d 67, 74 (1999).

¶ 14   Further, the defendant failed to file his motion within 30 days after the imposition of the sentence on October 17, 2023. After 30 days, the circuit court was divested of subject-matter

4

jurisdiction. See *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). After the 30 days have passed, "[t]he only continuing power the circuit court possess[es] over the case [is] limited to enforcement of the judgment or correction of clerical errors or matters of form so that the record conform[s] to the judgment actually rendered." *Id.* at 306-07.

¶ 15                               III. CONCLUSION

¶ 16    For the reasons stated, this court grants OSAD leave to withdraw as counsel and dismisses the instant appeal for lack of jurisdiction.


¶ 17    Motion granted; appeal dismissed.