No. 2--04--0757

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court 

OF ILLINOIS,       )   of McHenry County.

     )

Plaintiff-Appellee,     ) 

 )

v. ) No. 02--CF--517

 ) 

 ) 

DAVID S. MALIN, ) Honorable

 ) Ward S. Arnold,

Defendant-Appellant.   )   Judge, Presiding.

______________________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Following a partially negotiated guilty plea, the defendant, David Malin, was convicted of four counts of reckless homicide (720 ILCS 5/9--3(a), (c)(1), (e--5) (West 2002)) and was sentenced to 4 concurrent terms of 10 years' imprisonment.  On appeal, the defendant raises numerous challenges to the propriety of his sentence.  We affirm.

On March 16, 2002, the defendant was driving east on Highway 12 in Richmond.  Shortly before 11:38 p.m., his vehicle crossed the center line of the road, striking a minivan.  All four occupants of the minivan were killed.  The defendant was intoxicated at the time of the accident, having a blood-alcohol level exceeding .08.

On May 23, 2002, the defendant was charged by indictment with 16 counts of alcohol-related reckless homicide (720 ILCS 5/9--3(a), (c)(1), (e--5) (West 2002)), a Class 2 felony, and 4 counts of aggravated driving under the influence of alcohol (aggravated DUI) (625 ILCS 5/11--501(a) (West 2002)), a Class 4 felony.

In 2003, the Illinois General Assembly amended both the reckless homicide statute and the aggravated DUI statute.  Pub. Act 93--213, eff. July 18, 2003.  The Illinois General Assembly removed language from the reckless homicide statute that elevated that offense to a Class 2 felony if two or more people were killed in a vehicular accident in which the defendant was under the influence of alcohol.  Pub. Act 93--213, eff. July 18, 2003.
  The Illinois General Assembly placed similar language in the aggravated DUI statute, elevating the offense from a Class 4 felony to a Class 2 felony if two or more fatalities resulted from the offense.  Pub. Act 93--213, eff. July 18, 2003. 
 Senator Watson explained why these statutes were being amended:

"[There were] some concerns about a Supreme Court decision that struck down a Section of the reckless homicide statute.  And in that particular case, the court found unconstitutional the presumption that any person driving under the influence necessarily drives recklessly in a reckless homicide law.  What this does is it amends and addresses the Court's decision by adding a new subsection to the aggravated DUI statute, and this new subsection incorporates the Section of reckless homicide statute that was struck down into the aggravated DUI statute into the Vehicle Code."  93rd Ill. Gen. Assem., Senate Proceedings, April 3, 2003, at 41 (statements of Senator Watson).

Senator Watson later further explained:

"[These changes are] in response to an Illinois Supreme Court decision in regard to a case called People versus Pomykala.  And in that case, the court struck down the current DUI reckless homicide statute as unconstitutional.  These amendments--the first amendment requires truth in sentencing for a violation of the new aggravated DUI death subsection ***. It increases the penalties to a limited extent for the violation of a new aggravated DUI statute, and it also eliminates the current reckless homicide statute as it relates to DUI homicides.  And this--elimination is needed because the new aggravated DUI section replaces the corresponding reckless homicide Section."  93rd Ill. Gen. Assem., Senate Proceedings, May 31, 2003, at 172 (statements of Senator Watson).

On January 23, 2004, pursuant to a partially negotiated plea agreement, the defendant pled guilty to four counts of reckless homicide as the statute existed at the time of the commission of the offense.  720 ILCS 5/9--3(a), (c)(1), (e-5) (West 2002).  In exchange for his plea, the State dismissed the remaining 16 counts pending against the defendant.  In announcing the plea agreement, the State explained that the charges the defendant was pleading guilty to were Class 2 felonies.  Furthermore, because two or more individuals were killed during a single course of conduct, the trial court had the option of sentencing the defendant to between 6 and 28 years' imprisonment.  The trial court could also sentence the defendant to probation or work release.  The State also explained that if the defendant were sentenced to a term of imprisonment, the defendant would be required to serve 85% of that sentence.  After admonishing the defendant of the rights that he was giving up by pleading guilty, the trial court considered the factual basis of the plea.  After considering the factual basis, and finding that the defendant entered his plea freely and voluntarily, the trial court accepted the defendant's guilty plea.

On April 13, 2004, the trial court conducted a sentencing hearing.  The trial court considered the defendant's presentence report.  This report revealed that the defendant had no prior criminal convictions.  The trial court also considered the victim impact statements of the victims' families.  In imposing the sentence, the trial court explained that it had considered the applicable factors in mitigation and aggravation.  The trial court explained: 

"[T]here are very few factors in aggravation, with the exception of a couple of extremely major ones.  One factor in aggravation is the defendant inflicted death upon four individuals, and these are not four--see that's the law speaking, four individuals.  People's family don't consider them as four individuals, they consider them as four loved family members.  And I believe that this sentence is necessary to deter others from committing the same crime."

The trial court then sentenced the defendant to 4 concurrent terms of 10 years' imprisonment.

On June 18, 2004, the defendant filed a motion to reconsider sentence.  The defendant argued, among other things, that the trial court had erred in considering the deaths of the four victims in imposing the sentence.  The defendant argued that the victims' deaths were implicit in the offenses of reckless homicide.  On June 30, 2004, following a hearing, the trial court denied the defendant's motion to reconsider sentence.  The trial court clarified its previous determinations, explaining that the only factor in aggravation it had considered in imposing the sentence was the need to deter others from committing similar crimes.  Following the trial court's ruling, the defendant filed a timely notice of appeal.

The defendant's first contention on appeal is that the trial court erred in not informing him that he had a right to be sentenced as a Class 3 felon.  The basis of the defendant's argument is the change in the law that occurred between when he allegedly committed the offense and when he was sentenced. The defendant notes that in 2002, reckless homicide involving the deaths of two or more people was a Class 2 felony.  See 720 ILCS 5/9--3(e-5) (West 2002).  However, prior to his being sentenced, the law was changed so that reckless homicide was only a Class 3 felony.  See 720 ILCS 5/9--3(d)(2) (West 2004).  Based on this change in the law, the defendant argues that the trial court erred in not informing him that he had a choice under which statutory scheme he wanted to be sentenced.

The defendant is correct in asserting that, due to the change in the law, he had a choice under which sentencing scheme he wanted to be sentenced.  See 
People v. Hollins
, 51 Ill. 2d 68, 71 (1972); 
People v. Strebin
, 209 Ill. App. 3d 1078, 1081 (1991).  In 
Hollins
, the Illinois Supreme Court explained:

"Petitioner *** was entitled to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing [citation], and the record fails to show that he was advised of his right to, or permitted to, make the choice.  *** [W]e hold that in the absence of a showing that he was advised of his right to elect under which statute he should be sentenced, and an express waiver of that right, petitioner was denied due process of law."  
Hollins
, 51 Ill. 2d at 71.  

We note, however, that the defendant's specific contention is more of an attack on his plea agreement than on his sentence.  In exchange for the State dismissing 16 other charges that were pending against him, the defendant pled guilty to four counts of reckless homicide.  The State informed the trial court that the crimes the defendant was pleading guilty to were Class 2 felonies. The defendant indicated that he understood that he was pleading guilty to four Class 2 felonies.  The defendant also indicated that he understood the sentencing range that accompanied a Class 2 felony.  The trial court found that the defendant was entering a knowing and voluntary plea of guilty.  Despite entering into a plea agreement where he agreed to be sentenced as a Class 2 felon, the defendant essentially argues now that the trial court erred in not admonishing him that he could be sentenced as a Class 3 felon, thereby giving him the option of receiving a shorter sentence.  The defendant fails to understand that by arguing that he should have been so admonished, he is seeking to alter the terms of his plea agreement. 
 

Because the defendant is attacking his plea agreement, the defendant was required to move to withdraw his guilty plea in the trial court.  188 Ill. 2d R. 604(d).  
This is because contract law principles dictate the nature of plea agreements, and the guilty plea and the sentence "go hand in hand" as material elements of the plea bargain.  
People v. Evans
, 174 Ill. 2d 320, 332 (1996).  
To allow a defendant to unilaterally modify a plea agreement would fly in the face of contract law and constitutional concerns of fundamental fairness.  
People v. Jones
, 329 Ill. App. 3d 470, 473 (2002).  Accordingly, because the defendant did not file a motion to withdraw his guilty plea, he has failed to preserve this specific issue for our review on appeal.  See 
Evans
, 174 Ill. 2d at 332.
 

Furthermore, we reject the defendant's contention that his counsel was ineffective for not informing him that he had the right to be sentenced under the new sentencing scheme, as a Class 3 felon for his convictions of reckless homicide.  In order to succeed on a claim of ineffective assistance of trial counsel, a defendant must satisfy the two-pronged test set forth in 
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  
People v. Enis
, 194 Ill. 2d 361, 376-77 (2000).  The defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have differed.  
People v. Little
, 335 Ill. App. 3d 1046, 1052 (2003). 

We note initially that the defendant does not argue that, had his trial counsel informed him of the changes in the sentencing law, he would have sought to withdraw his guilty plea.  As explained above, absent filing such a motion in the trial court, the defendant is not entitled to any relief on appeal.  See 
Evans
, 174 Ill. 2d at 332.  Nevertheless, even if the defendant had properly preserved this issue, we would find his contention to be without merit.

The record is silent as to whether trial counsel informed the defendant about the changes in the sentencing law.  However, even if he did not, the defendant was not prejudiced by his trial counsel's failure to inform him that he could have sought to be sentenced as a Class 3 felon under the amended sentencing scheme for reckless homicide.  This is because the defendant's plea agreement was interconnected with the changes in the sentencing law.  Between the time the defendant allegedly committed the charged offenses and when he was sentenced, the legislature had changed reckless homicide involving multiple deaths from a Class 2 felony to a Class 3 felony.  However, at the same time, the legislature had amended the statute on aggravated DUI, making the offenses the defendant allegedly 
had committed Class 2 felonies.  Due to these simultaneous changes in the law, there was no difference between the sentences the defendant could have received under the old law and the new law.  Under the old statutory scheme, the defendant was properly sentenced as a Class 2 felon for reckless homicide.  If he had insisted upon being sentenced under the new statutory scheme, the State could have filed a superseding indictment and charged him with aggravated DUI resulting in the deaths of two or more people, a Class 2 felony under the amended law.  See 
People v. Milton
, 309 Ill. App. 3d 863, 866 (1999) (formal amendment to indictment is warranted where the defendant is not surprised or prejudiced or he was aware of the actual charge).  As was explained by Senator Watson, the Illinois General Assembly essentially "replaced" the reckless homicide statute, when multiple deaths and DUI were at issue, with amendments to the aggravated DUI statute.  See 93rd Ill. Gen. Assem., Senate Proceedings, May 31, 2003, at 172 (statements of Senator Watson).
  The defendant's conduct was therefore always subject to the same punishment, albeit the charges subjecting him to that punishment had changed.  Thus, the defendant did not have any real choice in determining which statutory scheme to be sentenced under because he was always subject to being sentenced as a Class 2 felon.  Because the defendant was subject to being sentenced as a Class 2 felon under either scenario, his trial counsel was not ineffective for not informing him about the changes in the sentencing law.  Thus, the defendant has failed to establish that he was prejudiced by his trial counsel's alleged error, and he therefore is not entitled to any relief on this point.  See 
People v. Munson
, 171 Ill. 2d 158, 184 (1996) (reviewing court may dispose of an ineffectiveness claim by determining that defendant was not prejudiced by counsel's representation).
 

We next address the defendant's remaining contentions, which all relate to the propriety of his sentence.  Because the defendant pled guilty pursuant to a partially negotiated plea in which the State retained its right to argue for any type of sentence against the defendant, and because the defendant subsequently filed a motion to reconsider sentence, the defendant has properly preserved these issues for our review on appeal.  See 
People v. Lumzy
, 191 Ill. 2d 182, 187 (2000) (explaining that where defendant pleads guilty only in exchange for the State dismissing other charges against him and where no agreement existed as to sentence, the defendant may challenge his sentence without filing a motion to withdraw his guilty plea).  We will therefore consider each of these arguments in turn.  

The defendant contends that the trial court erred in considering an improper factor in imposing sentence.  Specifically, the defendant argues that the trial court improperly considered the victims' deaths in aggravation.

It is well settled that a factor implicit in the offense should not be used in aggravation in sentencing.  
People v. Conover
, 84 Ill. 2d 400, 404 (1981).  Although the trial court may properly consider the degree of harm inflicted by a defendant in fashioning a sentence for an offense where serious bodily harm is implied, it may not focus on the end result of the harm, the death of the victim, if such death is implicit in the offense.  
People v. Allan
, 231 Ill. App. 3d 447, 458-59 (1992).

The record reveals that the trial court did refer to the victims' deaths in imposing sentence.  However, in denying the defendant's motion to reconsider, the trial court clarified that the only factor in aggravation that it had considered was the need to deter others from committing similar crimes.  Based on these clarifying comments, it is apparent that the trial court did not consider any improper factors in imposing sentence.  See 
People v. Vernon
, 285 Ill. App. 3d 302, 304 (1996) (purpose of motion to reconsider sentence is to review the appropriateness of the sentence imposed and to correct any errors).  Thus, the defendant's contention is without merit.

The defendant's next contention is that the sentence imposed by the trial court is excessive.  The defendant contends that, in light of the numerous mitigating factors he presented and there being only one factor in aggravation, a 10-year sentence is excessive.

The trial court has great discretion in imposing a sentence; consequently, a sentence within the statutory range will not be reduced on appeal absent an abuse of that discretion.  
People v. Jones
, 168 Ill. 2d 367, 373-74 (1995).  We may not substitute our judgment for that of the trial court merely because we may have weighed the sentencing factors differently.  
People v. Streit
, 142 Ill. 2d 13, 19 (1991).  The seriousness of the offense or the need to protect the public may outweigh mitigating factors and the goal of rehabilitation.  
People v. Gagliani
, 251 Ill. App. 3d 1019, 1029 (1993).  Even where there is evidence in mitigation, the court is not obligated to impose the minimum sentence.  
People v. Madura
, 257 Ill. App. 3d 735, 740-41 (1994).  At the relevant time, the offense of reckless homicide, committed under the influence of alcohol and resulting in the deaths of two or more people, was a Class 2 felony and had a sentencing range of 6 to 28 years' imprisonment.  720 ILCS 5/9--3(e--5) (West 2002).

Based on our review of the record, we do not believe that the trial court abused its discretion in sentencing the defendant.  The record reveals that the trial court considered all the appropriate aggravating and mitigating factors.
  The trial court also sentenced the defendant to a term within the range authorized by statute.  Although the defendant emphasizes that there were numerous factors in mitigation, the trial court was not obligated to place greater weight on these factors than on the need to deter others from committing similar crimes.  See 
Gagliani
, 251 Ill. App. 3d at 1029.  Accordingly, we decline to disturb the trial court's sentence on this basis.

The defendant next contends that he was sentenced in violation of the United States Supreme Court's decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000).  In 
Apprendi
, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455,
 120 S. Ct. at 2362-63.  Here, the defendant was not sentenced to a term greater than what the statute provided.  Thus, 
Apprendi
 is not applicable to the case at bar.  

The defendant's final contention on appeal is that the trial court erred in determining that his sentence was subject to the truth-in-sentencing provisions of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/1--1--1 
et seq.
 (West 2002)).  The defendant argues that the truth-in-sentencing provisions of the Code of Corrections do not apply to the crime of which he was convicted. 

Section 3--6--3 of the Code of Corrections establishes rules for early release of those sentenced to terms of imprisonment, based on their good conduct while incarcerated.  730 ILCS 5/3--6--3 (West 2002).  Section 3--6--3(a)(2.1) sets forth the general rule that those imprisoned will be entitled to day-for-day good-conduct credit against their sentences.  730 ILCS 5/3--6--3(a)(2.1) (West 2002).  However, under the truth-in-sentencing provisions, the Illinois General Assembly has made exceptions to these early release provisions, based on the seriousness of the crime.  One such exception is contained in section 3--6--3(a)(2.3) of the Code of Corrections.  This section provides:

"The rules and regulations on early release shall provide that a prisoner who is serving a sentence for reckless homicide as defined in subsection (e) of Section 9--3 of the Criminal Code of 1961 committed on or after January 1, 1999 shall receive no more than 4.5 days of good conduct credit for each month of his or her sentence of imprisonment."  730 ILCS 5/3--6--3(a)(2.3) (West 2002).  
  

Section 9--3(e) of the Criminal Code of 1961 (the Code) provides:

"Except as otherwise provided in subsection (e--5), in cases involving reckless homicide in which the defendant was determined to have been under the influence of alcohol or any other drug or drugs as an element of the offense, or in cases in which the defendant is proven beyond a reasonable doubt to have been under the influence of alcohol or any other drug or drugs, the penalty shall be a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years."  720 ILCS 5/9--3(e) (West 2002).

Section 9--3(e--5) of the Code, to which the defendant pled guilty, provides:

"In cases involving reckless homicide in which the defendant was determined to have been under the influence of alcohol or any other drug or drugs as an element of the offense, or in cases in which the defendant is proven beyond a reasonable doubt to have been under the influence of alcohol or any other drug or drugs, if the defendant kills 2 or more individuals as part of a single course of conduct, the penalty is a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 6 years and not more than 28 years."  720 ILCS 5/9--3(e--5) (West 2002).

The defendant argues that general early release provisions apply (day-for-day credit), unless there is a specific provision mandating that truth-in-sentencing applies.  The defendant argues that although there is a provision requiring truth-in-sentencing to apply to section 9--3(e) of the Code
, there is no similar provision as to section 9--3(e--5).  The defendant therefore contends that the trial court erred in determining that he was not entitled to day-for-day credit.  

The principles governing statutory interpretation are well settled.  The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature.  
Lieb v. Judges' Retirement System
, 314 Ill. App. 3d 87, 92 (2000).  We must first look to the words of the statute as the best indication of legislative intent.  However, if the words used in a statute are ambiguous or if the meaning is unclear, the court may consider the legislative history as an aid to construction.  
Armstrong v. Hedlund Corp.
, 316 Ill. App. 3d 1097, 1106 (2000).  A statute is ambiguous if it is capable of two reasonable and conflicting interpretations.  
Paciga v. Property Tax Appeal Board
, 322 Ill. App. 3d 157, 161 (2001).  Our supreme court further instructs courts that, "[i]f the language of a statute is susceptible to two constructions, one of which will carry out its purpose and another which will defeat it, the statute will receive the former construction."  
Harvel v. City of Johnston City
, 146 Ill. 2d 277, 284 (1992).  A court should not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust.  
People v. Rodriguez
, 339 Ill. App. 3d 677, 681 (2003).  Further, a court should avoid an interpretation of a statute that would render any portion of it meaningless or void.  
Paciga
, 322 Ill. App. 3d at 161.

Applying these principles to the instant case, we believe that because the truth-in-sentencing provisions apply to section 9--3(e) of the Code, the provisions also apply to subsection 9--3(e--5) of the Code.  Section 9--3(e) criminalizes conduct involving the reckless homicide
 of one person.  720 ILCS 5/9--3(e) (West 2002).  Section 9--3(e--5) criminalizes conduct involving the reckless homicide of two or more persons.  720 ILCS 5/9--3(e-5) (West 2002). 
 To accept the defendant's argument that the truth-in-sentencing provisions do not apply to section 9--3(e--5) would mean that the Illinois General Assembly intended that a defendant who killed more than one person in a reckless homicide should be subject to more lenient early release provisions than a defendant who killed just one person.  This is an absurd construction of the statute and we will not interpret it as such.  See 
Rodriguez
, 339 Ill. App. 3d at 681.

For the foregoing reasons, we affirm the judgment of the circuit court of McHenry County.

Affirmed.

McLAREN and KAPALA, JJ., concur.