2020 IL App (2d) 180287-U
Nos. 2-18-0287 & 2-19-0707 cons.
Order filed October 19, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 14-CF-1813 |
| WENDELL THOMPSON, | ) ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's sentence of 12 years in prison on drug charges was not an abuse of discretion given defendant's extensive criminal history; that defendant's sentence was below the midpoint for the Class X sentencing range reflects that the court considered mitigatory factors; finally, the trial court lacked jurisdiction to decide defendant's petition, filed after his notice of appeal, requesting good time credit for pretrial detention.

¶ 2    Defendant, Wendell Thompson, appeals from a judgment of the circuit court of Kane County, contending that his sentence was excessive and that he was improperly denied double credit for the time he served in jail awaiting trial.  Because the sentence was not excessive and the

trial court lacked jurisdiction to consider whether defendant was entitled to double credit for time served awaiting trial, we affirm in part and vacate in part.

¶ 3                                 I. BACKGROUND

¶ 4     Defendant was convicted, following a jury trial, of one count of unlawful delivery of less than one gram of a controlled substance (cocaine) within 1000 feet of a school (count I) (720 ILCS 570/407(b)(2) (West 2012)) and one count of unlawful delivery of less than one gram of a controlled substance (cocaine) (count II) (720 ILCS 570/401(d) (West 2012)).  The conviction on count II was merged into the conviction on count I, and the trial court sentenced defendant to 12-years' imprisonment and credited him for 531 days for time served.  Defendant, represented by appellate counsel, filed an appeal (No. 2-18-0287), contending that the 12-year prison sentence was excessive.

¶ 5     Subsequent to the appeal in No. 2-18-0287, defendant filed a *pro se* petition to amend the judgment to give him additional days of credit for time served.  The trial court granted in part and denied in part the petition.  Defendant then filed a *pro se* appeal from that ruling (No. 2-19-0707).  This court consolidated the two appeals.

¶ 6     The following facts are relevant to the disposition of the appeals.  At the jury trial, the State established that defendant had delivered 0.78 grams of cocaine to a paid informant while in a vehicle located within approximately 177 feet of a school.  Defendant failed to appear for closing arguments, and the court issued an arrest warrant.  Two days later, the court continued the trial without defendant.  During his counsel's closing argument, defendant walked into court.  He was taken into custody outside the presence of the jury.  The jury found him guilty of both counts.

¶ 7    Following the denial of several posttrial motions, defendant was sentenced. Because defendant had been convicted of two prior Class 2 or greater felonies, he was eligible for a mandatory Class X prison sentence of 6 to 30 years. See 730 ILCS 5/5-4.5-95(b) (West 2012).

¶ 8    At the sentencing hearing, the trial court noted that it had reviewed the presentence investigation report (PSI) and had considered all of the aggravating and mitigating factors. Neither the State nor defendant offered any additional evidence. Defendant made an allocution.

¶ 9    In imposing sentence, the trial court considered in aggravation both defendant's extensive criminal history—which included nine felony convictions (not counting the two that qualified him for Class X sentencing) over two decades—and the need to deter others. The court commented that defendant's criminal history demonstrated a "total lack of regard for any court orders" and that it appeared that the "only time that [defendant was] not committing offenses [was] when [he was] actually in custody." The court further noted it had to continue the trial for at least 48 hours because defendant was absent and that defendant caused "some chaos" when he walked into the courtroom during closing argument. As for mitigation, the court considered that defendant's conduct did not cause or threaten serious physical harm, he did not contemplate that his conduct would cause or threaten serious harm, and his conduct was induced or facilitated by someone else (the informant to whom defendant sold the drugs). The court sentenced defendant, "based upon his record in relation to this case, more than anything," to 12 years in prison. Additionally, the court ordered that defendant receive credit for 531 days served in jail while awaiting trial.

¶ 10    Defendant filed a motion to reduce sentence. In denying that motion, the trial court clarified that its comment at sentencing, that every time defendant was not in custody he committed more crimes, was merely a generalization. The court added that there was no question that defendant had an extensive criminal history. The court reiterated that it had considered and

weighed all aggravating and mitigating factors and stated that it stood by its previous comments regarding those factors. The court noted that, in imposing the sentence, it had considered defendant's rehabilitative potential. The court also acknowledged that, during the conference held pursuant to Supreme Court Rule 402 (eff. July 1, 2012), it had indicated that an eight-year prison term would be appropriate. The court explained, however, that when defendant rejected the State's plea offer, it was not bound by its comment at sentencing. The court then denied defendant's oral motion for reconsideration, and, on April 30, 2018, defendant filed his appeal in No. 2-18-0287.

¶ 11    On June 3, 2019, defendant filed, *pro se*, a "Petition for Order Nunc Pro Tunc County Jail Good Behavior Allowance." In that petition, he asked the trial court to correct the judgment to reflect an additional day of credit for time served and to order that his credit for time served be doubled because of good time. The trial court elected to reach the merits of the petition because it was "simply an addition problem". The court corrected the mittimus to reflect the additional day of credit but denied the request to double the days of credit for time served. Defendant, in turn, filed his appeal in No. 2-19-0707.

¶ 12                                    II. ANALYSIS

¶ 13    In appeal No. 2-18-0287, defendant contends that his sentence was excessive because the trial court did not adequately consider the mitigating evidence, including his rehabilitative potential, and also did not consider the cost of incarceration. In appeal No. 2-19-0707, defendant contends that he should have received 1064 days of credit for time served in jail, because he was entitled to day-for-day good time credit.

¶ 14                             A. Appeal No. 2-18-0287

¶ 15    A trial court is in the best position to fashion a sentence that strikes the appropriate balance between the goals of protecting society and rehabilitating the defendant. *People v. Risley*, 359 Ill.

App. 3d 918, 920 (2005). Thus, we may not disturb a sentence within the applicable sentencing range unless the trial court abused its discretion. *People v. Stacy*, 193 Ill. 2d 203, 209-10 (2000). A sentence is an abuse of discretion only if it varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *Stacy*, 193 Ill. 2d at 210.

¶ 16    In determining an appropriate sentence, relevant considerations include the nature of the crime, the protection of the public, deterrence and punishment, and the defendant's rehabilitative potential. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). The weight to be given each factor in aggravation and mitigation depends on the circumstances of the case. *Kolzow*, 301 Ill. App. 3d at 8. We may not substitute our judgment for that of the trial court merely because we might have weighed the pertinent factors differently. *Stacy*, 193 Ill. 2d at 209.

¶ 17    The trial court is presumed to have considered all mitigating factors, including the defendant's rehabilitative potential, and the defendant has the burden to affirmatively show the contrary. *People v. Brazziel*, 406 Ill. App. 3d 412, 434 (2010). The court has no obligation, however, to recite and assign value to each factor. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11.

¶ 18    Here, defendant asserts that the trial court did not give proper weight to the mitigating evidence, particularly his rehabilitative potential. However, at sentencing, the trial court stated that it considered all mitigating factors. Further, in denying the motion to reduce sentence, the court clarified that it had considered defendant's rehabilitative potential. See *People v. Malin*, 359 Ill. App. 3d 257, 261 (2005) (court reviewing sentence may consider clarification by trial court at hearing on motion to reconsider sentence). Moreover, the court sentenced defendant below the midpoint of the applicable range, which further reflects that the court gave significant weight to

the mitigating evidence. Thus, the court did not abuse its discretion by failing to adequately consider mitigating factors, including defendant's rehabilitative potential.

¶ 19   Defendant also asserts that the trial court failed to consider the cost of incarceration in sentencing him to 12 years in prison. In sentencing a defendant, the trial court must consider the financial impact of incarceration. 730 ILCS 5/5-4-1(a)(3) (West 2012). However, the court is not required to specify on the record the reasons for the sentence, and, absent evidence to the contrary, it is presumed to have considered the financial impact of the incarceration when sentencing the defendant. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 22. Here, defendant has not offered any evidence, beyond pointing to the lack of any comment in the record, that the court did not consider the financial impact of his incarceration. Thus, we presume that the court did so.

¶ 20   Defendant further maintains that the trial court gave too much weight to his criminal history. However, the court was permitted to consider, as an aggravating factor, defendant's extensive criminal history. See 730 ILCS 5/5-5-3.2(a)(3) (West 2012). Clearly, defendant's criminal history, which spanned nearly two decades and consisted of numerous felony convictions and prison time, exhibited a significant disrespect for the law. More importantly, the court was in the best position to determine the weight to be given to defendant's criminal history, and we will not substitute our judgment for that of the trial court. We also note that the trial court properly took into account defendant's delay and disruption of the jury trial. See *People v. Abrams*, 2015 IL App (1st) 133746, ¶ 35 (a trial court, in addition to the material contained in a presentencing report, may consider the defendant's character as demonstrated by his conduct during trial and up to the time the court imposes the sentence).

¶ 21   Further, defendant suggests that his 12-year sentence was improper because, during the Rule 402 conference, the trial court indicated that a prison sentence of 8 years would be

appropriate. A defendant who proceeds to trial cannot expect to receive the same sentence that was discussed during the Rule 402 conference. *People v. Jaffe*, 64 Ill. App. 3d 831, 837 (1978). Just the same, the trial court may not impose a harsher sentence on a defendant as a punishment for his exercising the right to trial. *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 88. Although a sentence will be set aside where the trial court's sentencing remarks make it evident that the sentence being imposed is due, at least in part, to the fact that the defendant did not plead guilty but instead went to trial, the mere imposition of a sentence which is greater than that discussed at a pretrial conference does not support an inference that the heavier sentence was imposed as punishment for demanding trial. *People v. Posedel*, 214 Ill. App. 3d 170, 183 (1991); *People v. Jackson*, 89 Ill. App. 3d 461, 481 (1980). Here, there is nothing in the record to indicate that the court imposed a more severe sentence because defendant declined to plead guilty and opted for a trial.

¶ 22 Defendant has not demonstrated that his sentence either varied greatly from the spirit and purpose of the law or was manifestly disproportionate to the offense. He has also not shown any other impropriety in the imposition of the sentence. Therefore, we reject his claim of error.

¶ 23                                  B. Appeal No. 2-19-0707

¶ 24 Before we address the merits of defendant's contention regarding his credit for time served, we first decide whether we have jurisdiction to do so.

¶ 25 We have an independent duty to consider our jurisdiction, regardless of whether either party has done so. *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17 (citing *People v. Smith*, 228 Ill. 2d 95, 104 (2008)). When a notice of appeal is filed, our jurisdiction attaches *instanter*, and the cause is beyond the trial court's jurisdiction. *Scheurich*, 2019 IL App (4th) 160441, ¶ 17. Accordingly, after the filing of a notice of appeal, a trial court is divested of jurisdiction to enter

any additional substantive orders in the case. *Scheurich*, 2019 IL App (4th) 160441, ¶ 17. The trial court retains power only to enforce the judgment or to correct clerical errors or matters of form so that the record conforms to the judgment. *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003). A ruling by the trial court in the absence of subject-matter jurisdiction is void. *Flowers*, 208 Ill. 2d at 306.

¶ 26    Here, because defendant filed his petition for additional sentencing credit long after he filed his notice of appeal, the trial court lacked jurisdiction to substantively amend its judgment. Thus, the only inquiry is whether defendant's petition sought the exercise of the trial court's continuing power to correct clerical errors or matters of form or, instead, amounted to an untimely request to substantively modify the court's sentencing judgment. See *Scheurich*, 2019 IL App (4th) 160441, ¶ 19 (citing *People v. Latona*, 184 Ill. 2d 260, 278 (1998)). In his petition, defendant asked the trial court to correct a mathematical error in the calculation of the number of days he earned for time served awaiting trial. That, of course, the court was empowered to do. However, defendant also sought a ruling that he was entitled to have his 532 days of credit doubled because of good time. Because that request sought a substantive change in the judgment, it was beyond the authority of the court. Accordingly, the court's ruling on that part of the petition was void. Thus, we lack jurisdiction to consider the merits of that ruling. However, because we do have jurisdiction to consider the issue of the trial court's jurisdiction, we vacate that portion of the judgment denying defendant's request for double credit for time served and order the trial court to dismiss that part of the petition.[1]  See *People v. Bailey*, 2014 IL 115459, ¶ 29.

_____

[1] Even if we were to address the merits, defendant's contention would fail. Defendant cites no authority for his contention that, because he is eligible for day-for-day good-time credit while

¶ 27                              III. CONCLUSION

¶ 28     For the reasons stated, we affirm the judgment of the circuit court of Kane County sentencing defendant to 12 years' imprisonment, but we vacate the ruling denying defendant's petition for double credit for time served and remand for the trial court to dismiss the petition to the extent it sought double credit for time served awaiting trial.

¶ 29     Affirmed in part, vacated in part, and remanded.

---

in prison, he was entitled to such credit for the number of days he served in jail awaiting trial. Nor are we aware of any such authority. There is no dispute that defendant was entitled to receive credit for the 532 days that he served in jail awaiting trial. See 730 ILCS 5/5-4.5-100(b) (West 2016). Although he would have been eligible for good-time credit for serving a sentence in jail (see 730 ILCS 130/3 (West 2016)), he was not under a sentence while in pretrial custody. Nor did the statute providing for good-time credit for incarceration in prison (see 730 ILCS 5/3-6-3(a)(2.1) (West 2016)) apply until he began to serve his prison sentence. See *People v. Lindsey*, 199 Ill. 2d 460, 477-78 (2002). Thus, there is no basis to increase defendant's credit for time served in jail beyond the 532 days.