2021 IL App (2d) 190851-U
No. 2-19-0851
Order filed September 24, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Boone County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 16-CF-216 16-DT-173 |
| JULIO S. GARZA GUZMAN, | ) ) ) | Honorable C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion when, in resentencing defendant following a violation of first-offender probation and supervision, it entered convictions on the underlying offenses of unlawful possession of a controlled substance and driving under the influence but did not impose a term of incarceration. The record refutes defendant's argument that the trial court did not consider mitigating factors.

¶ 2    Defendant, Julio S. Garza Guzman, appeals from a judgment revoking his probation for

unlawful possession of a controlled substance (UPCS) (720 ILCS 570/402(c) (West 2016)),

revoking court supervision for driving under the influence (DUI) (625 ILCS 5/11-501(a)(5) (West

2016)), and entering a judgment of conviction on each offense. Defendant argues that the trial court abused its discretion in imposing convictions rather than continuing the terms of probation and supervision. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On April 26, 2017, defendant, represented by private counsel, pleaded guilty (in case No. 16-CF-216) to UPCS, a Class 4 felony (720 ILCS 570/402(c) (West 2016)), and (in case No. 16-DT-173) to DUI, a Class A misdemeanor (625 ILCS 5/11-501(c)(1) (West 2016)). Defendant also pleaded guilty (in case No. 16-TR-69992) to improper passing of an emergency vehicle and (in case No. 16-TR-69993) to speeding. The factual basis for the pleas established that, at about 3:13 a.m. on August 14, 2016, Boone County sergeant Krieger was conducting a traffic stop in a 55-mile-per-hour zone when a Corvette passed close to his vehicle traveling 93 miles per hour. Krieger stopped the Corvette and observed defendant, the driver, with red, bloodshot eyes. A second officer arrived and observed cannabis in the console area. Defendant showed signs of impairment during field sobriety tests. A third officer smelled the odor of alcohol emanating from defendant's mouth. Defendant admitted to drinking "some beers." Two "Xanax bars," later determined to be "alprazolam," a generic form of Xanax, were found in defendant's wallet. Defendant's urine tested positive for tetrahydrocannabinol (THC).

¶ 5     The trial court did not enter convictions on the UPCS and the DUI offenses. Instead, the court sentenced defendant to 24 months' first-offender probation (see 720 ILCS 570/410 (West 2016)) on the UPCS offense and 24 months' supervision on the DUI offense. The court entered a judgment of conviction on the traffic offenses. The court admonished defendant to comply with the conditions of probation, including that defendant refrain from consuming alcohol, or "it could be a trip to the Department of Corrections for anywhere up to three years."

¶ 6     On February 28, 2018, the State filed a petition to vacate probation in case No. 16-CF-216 and a petition to revoke supervision in case No. 16-DT-173, alleging in each that, on February 27, 2018, defendant consumed alcohol. On October 12, 2018, defendant admitted to the allegations in the petitions. The court ordered a presentence investigation report (PSI), and the matter was set for sentencing.

¶ 7     At the outset of the sentencing hearing on December 10, 2018, the trial court inquired whether there were modifications to the PSI. Defense counsel advised the court that defendant had completed 32 of 40 public service hours. He had also returned to "Remedies," an outpatient treatment program (the PSI reflected that defendant went on to complete the program). Later, the parties stipulated to the following facts underlying the petitions to vacate probation and revoke supervision. An officer was dispatched to investigate a crashed vehicle in a roadway. Upon arrival, the officer saw Michael Burger standing next to the vehicle and defendant walking by an apartment building. Burger told the officer that he had seen the vehicle as he was walking by and that he did not know what had happened. The officer asked Burger where he was coming from and Burger answered, " 'that is irrelevant.' " Burger's speech was slurred, his eyes were bloodshot, and his breath smelled like alcohol. The officer placed Burger in his squad car. A woman, who identified herself as defendant's mother, approached the officer. She told the officer that the vehicle belonged to her son and that she wanted to know if her son was okay. The woman saw defendant and identified him as her son. The officer then spoke to defendant, who denied that the woman was his mother. Defendant denied driving the vehicle and told the officer that his friend had been driving. Defendant's speech was slurred, his eyes were bloodshot, and his breath smelled like alcohol. The officer placed defendant in the back of a second squad car. The officer returned to his squad car and again spoke with Burger, who told the officer that he was sorry for lying and that defendant

was the driver. The officer read defendant his rights. Defendant refused to speak to the officer and refused to take field sobriety tests. The State declined to pursue charges due to the lack of witnesses and conflicting accounts of who was driving.

¶ 8    The State asked the trial court to enter convictions on the UPCS and DUI offenses, given the allegations and the fact that defendant had already been given the benefit of special probation and court supervision. The State asserted that it could prove by a preponderance of the evidence that defendant committed a DUI offense.

¶ 9    Defense counsel asked the court to extend the terms of probation and supervision. Counsel argued that defendant (1) was only 23 years old, (2) was a high school graduate, (3) had a strong work ethic and had worked since high school, (4) was currently employed as a machine operator, (5) had completed "Remedies" before his probation violation, (6) had completed the "ARM" program in July 2018, (7) was "nearly done" with his court-ordered public service, (8) had distanced himself from negative friend groups, (9) had accepted responsibility and realized that his behavior was "both selfish and dangerous," (10) had no juvenile history, (11) had no prior adult record before the underlying offenses, (12) has sought help from medical professionals for depression and anxiety, and (13) reported improvements since taking prescribed medication.

¶ 10    In sentencing defendant, the trial court noted that it had "a number of choices." The court stated that it could sentence defendant for up to three years but that doing so would be "overkill," as a prison sentence was not merited by the nature of the offense or defendant's history. On the other hand, "to do nothing" would mean "no consequences" for defendant's actions. The court found that the appropriate sentence was "somewhere in the middle." The court commented:

"This isn't a situation of making poor choices once. It's after me telling you—you getting the benefit of court supervision and a 410 probation, you chose voluntarily to consume

alcohol and basically say I don't care about my sentence, I don't care about all that, I'm going to do what I want to do."

The court entered judgments of conviction on each offense and unsatisfactorily terminated probation and supervision.

¶ 11    On January 9, 2019, defendant filed a *pro se* "motion" in the trial court requesting an "appeal" and stating that he had "additional details to the case" and a "different attorney." At a hearing on January 18, 2019, defendant told the court that he wanted to "add more evidence." The court gave defendant time to hire a new attorney. At a status hearing on February 1, 2019, defendant told the court that he was referred to a new attorney and stated, "I have witnesses to my probation violation[,] which is why I appealed this, the motion." The trial court gave defendant two weeks to meet with his attorney. At a status hearing on April 12, 2019, the court appointed the public defender. Defendant commented that he was there on his motion "[t]o withdraw [his] guilty plea." On July 29, 2019, defendant, through appointed counsel, filed a motion to withdraw his admission to the petitions and a motion for reconsideration of his sentences.

¶ 12    On August 30, 2019, the trial court held a hearing on defendant's motions. After denying defendant's motion to withdraw his admissions, the court considered defendant's motion to reconsider his sentences. Defense counsel noted the mitigating points that prior counsel had argued in support of continuing defendant's probation and supervision. Counsel stated: "I'm not saying that Your Honor didn't give those things consideration, but there's nothing wrong, I mean, in my eyes in reconsidering something that had happened earlier." The court replied:

"Okay. And I did consider all that. Ultimately no one has a right to 410 probation. Nobody has a right to court supervision on a DUI. I gave you the opportunity and you blew it. You consumed alcohol and alcohol is—you're not supposed to drink alcohol when

trying to stay sober from drug addiction. You're not to drink alcohol when you're dealing with an alcohol DUI or some sort of a DUI. It directly bears on the nature of both of those offenses. It's not that you were violated for a jaywalking ticket or it's not that you were violated for not getting your public service work done. You drank alcohol. That is one of the reasons that DUI is illegal. It's one of the reasons that possession of a controlled substance is illegal. You're consuming substances when you weren't supposed to.

On the flip side, I could have sentenced you to three years in prison on that controlled substance, I could have sentenced you to a year in jail on the DUI. I chose to do neither of those. Instead straight convictions on both of those. So I did consider for mitigation purposes everything and I just—I gave you the—what I would consider a very favorable sentence based upon a very direct violation of both of those sentences. So the motion for reconsideration of sentence is heard and denied."

¶ 13    Defendant timely appealed.

¶ 14                                    II. ANALYSIS

¶ 15    Defendant argues that the trial court abused its discretion when it failed to give the proper weight to the mitigating evidence and entered convictions rather than continuing the terms of probation and supervision. The State counters that we lack jurisdiction over the appeal or, in the alternative, that the court's resentences were not an abuse of discretion.

¶ 16    We first address the State's contention on jurisdiction. On December 19, 2020, defendant filed a motion to establish jurisdiction in this court, and the State filed an objection. The State argued that defendant's *pro se* motion filed on January 9, 2019, within 30 days of the judgment, should be construed as a notice of appeal rather than a timely motion to reconsider the judgment. Thus, according to the State, we lacked jurisdiction because defendant's subsequent motions to

withdraw his admissions and reconsider his sentences were untimely because defendant filed those motions after the *pro se* notice of appeal and more than 30 days after the judgment. We disagreed and granted defendant's motion to establish jurisdiction. The State presents no new arguments in its brief, and we adhere to our prior ruling. Defendant's *pro se* filing was labeled as a "motion" and, despite stating that he wanted to "appeal," defendant clarified on the record that he wanted to "add more evidence" and had "witnesses to [his] probation violation." Thus, defendant's *pro se* motion was appropriately treated as a timely post-judgment motion to withdraw his admissions. Further, we treat the motions filed by a subsequently appointed counsel as amendments.

¶ 17    Addressing the merits, it is well established that the trial court is the proper forum to determine a sentence and that its sentencing decision is entitled to great deference and weight. *People v. Latona*, 184 Ill. 2d 260, 272 (1998). This is because the court, having observed the defendant and the proceedings, has a far better opportunity to consider the appropriate sentencing factors than the reviewing court, which must rely on the cold record. *People v. Alexander*, 239 Ill. 2d 205, 213 (2010). " 'The trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 209 (2000)).

¶ 18    A sentence within the statutory limits will not be disturbed on appeal unless the trial court has abused its discretion. *People v. Flores*, 404 Ill. App. 3d 155, 157 (2010). An abuse of discretion occurs only if the trial court imposes a sentence that varies greatly from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *Id.* A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating evidence nor considers improper aggravating factors. *Id.* We presume that the trial court considered all relevant

factors in determining the sentence, and that presumption will not be overcome without explicit evidence in the record that the trial court did not consider applicable mitigating factors. *Id.* at 158.

¶ 19    In determining an appropriate sentence, relevant considerations include the nature of the crime, the protection of the public, deterrence and punishment, and the defendant's rehabilitative potential. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). The weight to be given to each factor in aggravation and mitigation depends on the circumstances of the case. *Id.* We may not substitute our judgment for that of the trial court merely because we might have weighed the pertinent factors differently. *Stacey*, 193 Ill. 2d at 209. It is not our duty on appeal to reweigh the factors involved in the court's sentencing decision. *People v. Coleman*, 166 Ill. 2d 247, 261-62 (1995).

¶ 20    We find no abuse of discretion. Defendant concedes that the sentencing range for UPCS, a Class 4 felony, is one to three years in prison (720 ILCS 570/402(c) (West 2016); 730 ILCS 5/5-4.5-45(a) (West 2016)), and for DUI, a Class A misdemeanor, less than one year in jail (625 ILCS 5/11-501(c)(1) (West 2016); 730 ILCS 5/5-4.5-55(a) (West 2016)). Defendant further concedes that he did not receive a sentence of incarceration or jail. Nevertheless, defendant contends that the trial court abused its discretion in entering judgments of conviction on the offenses of UPCS and DUI, rather than continuing the terms of probation and supervision. According to defendant, the court failed to give proper weight to all the mitigating evidence, particularly his rehabilitative potential, which he argues the trial court did not even mention. We find no error.

¶ 21    Here, the record clarifies that, in sentencing defendant, the trial court was well aware of all the mitigating factors that defendant identifies on appeal. In addition to the information included in the PSI, which the court referenced at the outset of the sentencing hearing, prior counsel argued the mitigating factors at the sentencing hearing. At the hearing on the motion for reconsideration of defendant's sentence, when defense counsel again emphasized the mitigating evidence raised

by prior counsel at the sentencing hearing, the court stated: "And I did consider all that." The court further stated:

> "I could have sentenced you to three years in prison on that controlled substance, I could have sentenced you to a year in jail on the DUI. I chose to do neither of those. Instead straight convictions on both of those. So I did consider for mitigation purposes everything and I just—I gave you the—what I would consider a very favorable sentence based upon a very direct violation."

¶ 22 The trial court's comments rebut defendant's arguments that the court failed to appropriately consider the mitigating evidence. See *People v. Malin*, 359 Ill. App. 3d 257, 264 (2005) (court reviewing a defendant's sentence may consider clarification by the trial court at the hearing on a motion to reconsider the sentence).

¶ 23 Although defendant argues that "the court did not even mention [defendant's] potential for rehabilitation," the court has no obligation to recite and assign value to each factor. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. Indeed, the court's decision to not impose a prison or jail sentence reflects that the court gave weight to the mitigating evidence. In sentencing defendant, the court emphasized the need for "consequences." The court commented:

> "This isn't a situation of making poor choices once. It's after me telling you—you getting the benefit of court supervision and a 410 probation, you chose voluntarily to consume alcohol and basically say I don't care about my sentence, I don't care about all that, I'm going to do what I want to do."

¶ 24 Thus, although continuing probation and supervision was certainly an option, it is clear that, given all the information before it, the court believed that doing so was not appropriate.

Defendant's arguments essentially ask us to substitute our judgment for that of the trial court in reweighing the mitigating evidence—this we cannot do. See *Coleman*, 166 Ill. 2d at 262.

¶ 25                                   III. CONCLUSION

¶ 26    In light of the foregoing, we affirm the judgment of the circuit court of Boone County.

¶ 27    Affirmed.