NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240882-U

NO. 4-24-0882

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 1, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| LEWIS A. COLEGROVE III, | ) | No. 21CF208 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1  *Held*: The trial court properly considered and weighed mitigating factors in sentencing defendant.

¶ 2  Defendant Lewis A. Colegrove III appeals from his conviction of second degree murder (720 ILCS 5/9-2(a)(2) (West 2020)). On appeal, he contends the trial court erred by giving little weight to the statutory mitigating factors of strong provocation and substantial grounds tending to excuse or justify defendant's conduct because the court believed the factors were encompassed in the sentence for the offense.

¶ 3  We find the trial court did not abuse its discretion in weighing the factors in mitigation. Accordingly, we affirm.

¶ 4  I. BACKGROUND

¶ 5  In September 2021, the State charged defendant with four counts of first degree

murder (*id.* § 9-1(a)(1), (a)(2), (a)(3)) and one count of aggravated battery with a firearm (*id.* § 12-3.05(e)(1)) in connection with the shooting of his brother, Michael Colegrove, during an argument. In December 2022, the State added a charge of second degree murder (*id.* § 9-2(a)(2)), alleging, at the time of the killing, defendant believed the circumstances to be such that, if they existed, would justify or exonerate the killing. Defendant entered into a partially negotiated plea agreement under which he pleaded guilty to the second degree murder charge in exchange for the dismissal of the other charges.

¶ 6        The factual basis for the plea provided that, on September 23, 2021, deputies responded to a 911 call in Lincoln, Illinois, to investigate a death. Michael had been shot and was later pronounced dead at the hospital. Defendant was identified as the shooter.

¶ 7        Defendant's father, Lewis Colegrove Jr. (Lewis), told the police defendant and Michael had been arguing, and Michael had been throwing items around the house. Michael tried to get defendant to fight, but defendant refused. Michael then began to argue with Lewis, making threats about killing Lewis and burning down the house. Defendant, with a shotgun in his arms, entered the area of the house where Michael and Lewis were arguing. Michael then went in the direction of defendant, and defendant shot Michael.

¶ 8        Defendant stated Michael had become upset with him and started throwing items around and got in his face, challenging him to fight. He stated he picked up the gun as a scare tactic, and then Michael came at him. Defendant also spoke about other instances where Michael had been aggressive with others, using knives and baseball bats. The trial court accepted the plea.

¶ 9        At the sentencing hearing, the State presented evidence in aggravation, including evidence of allegations that defendant sexually abused Michael and his stepdaughter. The defense presented evidence defendant did not have a violent demeanor, while Michael could be violent and

threatening. Lewis testified Michael had been the aggressor in the argument that led to his death. He also testified defendant had been drinking on the day of the incident and likely was not thinking straight.

¶ 10 The State recommended a sentence of 14 years' imprisonment, and the defense recommended probation. The defense argued multiple statutory factors in mitigation applied, including (1) defendant acted under a strong provocation, (2) there were substantial grounds tending to excuse or justify defendant's conduct, and (3) defendant's conduct was induced or facilitated by someone other than defendant. The trial court found those factors were already encompassed by the plea to second degree murder. After discussing the remaining aggravating and mitigating evidence, the court sentenced defendant to 10 years' imprisonment.

¶ 11 Defendant filed a motion to reconsider his sentence, arguing, in part, that the trial court erred in holding certain mitigating factors were encompassed in the offense of second degree murder. Following a hearing, the court stated:

> "[The] Court finds there is really no facts to support that [defendant's] criminal conduct was induced or facilitated by someone other than the defendant. I think the fact pattern we are talking about here lends itself to strong provocation and also to substantial grounds tending to excuse or justify the defendant's conduct though failing to establish a defense. I don't find there is a [*sic*] really any evidence that someone facilitated or induced [defendant] to commit this act ***.
>
>      ***
>
> Here, we have a situation where it was pled to Second Degree Murder. And for the offense itself, it is hard to know exactly what was contemplated by either side in terms of why it was reduced. Because he said it just simply alleges that he

believed circumstances to be such that if they existed, would justify or exonerate the killing that was believed was the reason.

So, the Court finds that that is a statutory mitigating factor. I am obligated to consider it. The question is what weight do I give it. In this instance I am giving it weight on reconsideration, but little weight. Little weight because I do believe still it is factored into the Second Degree charge, but also because of the facts of the case.

The Court recognizes that [Michael] had made verbal threats that night to [defendant]. *** And the Court does consider the fact that threats were made by someone who had committed acts of domestic violence *** in the past. The Court also recognizes, though, at that time they were I say just verbal threats, but there was no physical acts of violence or aggression by [Michael] and he had no weapon.

The Court still stands by its finding that it is the defendant who got the loaded gun. So [defendant] and [Michael] both knew there was a loaded gun in the house and it was [defendant] who went to get the loaded gun and not [Michael].

The facts show that it was only after [defendant] got the loaded gun that [Michael] approached [defendant] aggressively towards him. It is also evidence that [defendant] had been intoxicated earlier in the day. And although he had stopped drinking, [Lewis] said the defendant still was not thinking straight because of the alcohol.

So, the Court does consider those facts as to strong provocation *** and substantial grounds ***. Gives them weight, but it is tempered based upon the facts that I just outlined."

¶ 12       The trial court partially granted the motion to reconsider and reduced defendant's sentence to eight years' imprisonment.

¶ 13       This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15       On appeal, defendant contends that, although the trial court granted his motion for reconsideration and considered strong provocation and substantial grounds to excuse or justify his conduct as factors in mitigation, it erred in giving the factors little weight based on its belief they were inherent in the offense. Defendant particularly takes issue with the court's weight given to the factor of strong provocation, arguing the court wrongly gave it little weight based on it being factored into the crime of second degree murder when he pleaded guilty based on a belief circumstances existed to justify or exonerate the killing instead of acting under a serious provocation.

¶ 16       A trial court's sentence is " 'entitled to great deference' " and will not be reversed absent an abuse of discretion. *People v. Cunningham*, 2018 IL App (4th) 150395, ¶ 48 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38). " 'A sentence within the statutory range will not be deemed excessive, and will not be disturbed, unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Harris*, 2015 IL App (4th) 140696, ¶ 55). Second degree murder is a Class 1 felony (720 ILCS 5/9-2(d) (West 2020)) with a sentencing range of 4 to 20 years' incarceration (730 ILCS 5/5-4.5-30(a) (West 2020)).

¶ 17       "A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation." *People v. Roberts*, 338 Ill. App. 3d 245, 251 (2003). The weight attributed to sentencing factors depends on

the circumstances of a given case. *Id.* We will not overturn a trial court's sentencing decision because we would have weighed the factors differently. *People v. Pippen*, 324 Ill. App. 3d 649, 653 (2001).

¶ 18        A person commits the offense of second degree murder when he or she commits the offense of first degree murder and either of the following mitigating factors are present:

> "(1) at the time of the killing he or she is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he or she negligently or accidentally causes the death of the individual killed; or

> (2) at the time of the killing he or she believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his or her belief is unreasonable." 720 ILCS 5/9-2(a)(1)-(2) (West 2020).

Defendant pleaded guilty under section 9-2(a)(2), pertaining to a belief circumstances existed to justify or exonerate the killing.

¶ 19        Section 5-5-3.1 of the Unified Code of Corrections (730 ILCS 5/5-5-3.1 (West 2020)) sets forth the mitigating factors a trial court is to consider in imposing a sentence, including that the defendant acted under a strong provocation (*id.* § 5-5-3.1(a)(3)) or that there were substantial grounds tending to excuse or justify his or her conduct (*id.* § 5-5-3.1(a)(4)). Also mitigating is that the defendant's criminal conduct was induced or facilitated by someone else. *Id.* § 5-5-3.1(a)(5). However, defendant does not challenge the court's determination that the latter factor did not apply and focuses primarily on the factor of strong provocation.

¶ 20        The term "strong provocation" as a mitigating factor at sentencing has been held to

encompass a wider range of conduct than "serious provocation" under the second degree murder statute. *People v. Merritte*, 242 Ill. App. 3d 485, 492 (1993); *People v. Jackson*, 2022 IL App (2d) 210186-U, ¶ 123. "However, the strong provocation must be direct and immediate." *People v. Powell*, 2013 IL App (1st) 111654, ¶ 36; *Jackson*, 2022 IL App (2d) 210186-U, ¶ 123. "Mere words, no matter how abusive or indecent, are not considered serious provocation." *Merritte*, 242 Ill. App. 3d at 492.

¶ 21        Meanwhile, the Appellate Court, Third District, has held that strong provocation is inherent in the offense of second degree murder. *People v. Garibay*, 366 Ill. App. 3d 1103, 1109-10 (2006). "Just as a factor implicit in the offense should not be used in aggravation (see, *e.g.*, *People v. Malin*, 359 Ill. App. 3d 257, 264 (2005)), it should likewise not be used in mitigation." *Garibay*, 366 Ill. App. 3d at 1110. "Although the General Assembly fixes the range of sentences for a particular offense, sentencing in Illinois is still individualized, and the trial court must base its decision on the particular facts and circumstances of the case." *Id.* "Consideration of circumstances that are necessarily present in every instance of a particular offense—whether aggravating or mitigating—would undermine individualized sentencing and would tend to skew sentencing decisions systematically toward one end or the other of the range established by the General Assembly." *Id.* Thus, the mere fact that a defendant acts under a strong provocation should be entitled to little or no weight because it does not differentiate him or her from any other defendant convicted of second degree murder under section 9-2(a)(2) of the Criminal Code of 2012 (720 ILCS 5/9-2(a)(2) (West 2020)). *Id.*

¶ 22        Accordingly, the trial court ultimately is not bound to apply a statutory mitigating factor that is inherent in the offense. It is well settled that sentencing is within the province of the trial court. *People v. Lefler*, 2016 IL App (3d) 140293, ¶ 31. "[I]t is equally well settled that the

weight to be assigned to factors in aggravation and mitigation and the balance between those factors are matters within the sentencing court's discretion." *Id.* Thus, the trial court, when bound to apply a mitigating factor, then would, nevertheless, have the discretion to give that factor *de minimis* effect. *Id.*

¶ 23 Here, defendant does not argue the trial court failed to consider the relevant factors in mitigation. Instead, he takes issue with the court's weighing of the factors, particularly strong provocation, due to the factor being implicated by the offense of second degree murder. We find the court did not abuse its discretion in how it weighed the factors.

¶ 24 First, to the extent the trial court gave little weight to whether defendant believed there were substantial grounds tending to excuse or justify the killing, as it is inherent in the offense to which defendant pleaded guilty, the court was not required to consider it. Nevertheless, the court stated it did so but appropriately gave it little weight.

¶ 25 As to strong provocation, we disagree with defendant that the trial court adjusted the weight it gave to that factor, based on it being an alternate manner of reducing first degree murder to second degree murder, when defendant did not plead guilty to an allegation involving provocation. When the court commented on giving little weight to a factor inherent in the offense, it referred to the allegation defendant believed the circumstances to be such that, if they existed, would tend to justify or exonerate the killing, the allegation to which defendant pleaded guilty. The court then stated it found that this was a statutory mitigating factor. The court next stated it was giving that factor little weight, both because it was factored into the second degree murder charge and because of the facts of the case. The court did not specifically mention strong provocation at that time.

¶ 26 The trial court then discussed the facts of the case and addressed facts pertaining to

provocation, specifically stating it considered and gave weight to those facts as they related to strong provocation, but the weight of both factors was tempered based upon the facts the court outlined. Thus, the court explicitly noted that the factor of substantial grounds tending to excuse or justify the killing was "factored into" the offense, then weighed both that factor and strong provocation in light of the facts of the altercation and lessened the weight accordingly. We do not read the court's comments as giving strong provocation less weight because it was a factor inherent in second degree murder when defendant did not plead guilty based on strong provocation.

¶ 27     Further, the trial court reduced defendant's 10-year sentence by 2 years, thus taking 20% off the sentence—a reduction that does not suggest that these factors were given "little weight." In any event, once the court properly determined the mitigating factor applied, it had discretion to give it *de minimis* weight. See *id.* Here, based on the facts of the altercation, under which defendant was the person who retrieved the loaded gun to use as a scare tactic, the court giving limited weight to strong provocation was appropriate. Thus, even if we were to accept defendant's argument that the court improperly considered the factor as being inherent in the offense, it did not abuse its discretion in lessening the weight given to it based on the facts of the case.

¶ 28     Ultimately, the record establishes that the trial court properly considered and weighed the appropriate aggravating and mitigating factors. The court's sentence was within the sentencing range and was not an abuse of discretion.

¶ 29                    III. CONCLUSION

¶ 30     For the reasons stated, we affirm the trial court's judgment.

¶ 31     Affirmed.